Matter of Rockman v Nassau County Sheriff's Dept. (2024 NY Slip Op 00769)

Matter of Rockman v Nassau County Sheriff's Dept.

2024 NY Slip Op 00769

Decided on February 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2020-08532
 (Index No. 612361/17)

[*1]In the Matter of George Rockman, petitioner- respondent, 
v
Nassau County Sheriff's Department, respondent, Ana Rockman, also known as Ana D. Gamero, appellant.

Law Offices of Eyal Talassazan, P.C., Garden City, NY, for appellant.

DECISION & ORDER
In a proceeding pursuant to CPLR 5206(e) to compel the sale of a homestead to satisfy a money judgment, Ana Rockman, also known as Ana D. Gamero, appeals from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered October 27, 2020. The order, insofar as appealed from, denied that branch of her motion which was to stay the proceeding.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
This is a proceeding to compel the sale of a homestead to satisfy a money judgment. The respondent Ana Rockman, also known as Ana D. Gamero (hereinafter the appellant), moved, inter alia, to stay the proceeding. In an order, entered October 27, 2020, the Supreme Court, among other things, denied that branch of her motion. She appeals.
"Except where otherwise prescribed by law, the court in which an action is pending may grant a stay of proceedings in a proper case, upon such terms as may be just" (CPLR 2201). A trial court has "broad discretion with respect to stays as prescribed by CPLR 2201" (Matter of Hersh, 198 AD3d 773, 776; see Chaplin v National Grid, 171 AD3d 691, 692). Here, the Supreme Court providently exercised its discretion in denying that branch of the appellant's motion which was to stay the proceeding, particularly in light of a stay previously imposed. To the extent that the appellant contends that CPLR 321(c) automatically stayed the proceeding (see Wells Fargo Bank, N.A. v Kurian, 197 AD3d 173; Matter of Cassini, 182 AD3d 13), CPLR 321(c) has not been shown to apply in this case.
Although the appellant contends that the Supreme Court erred in denying those branches of her prior motion which were to substitute counsel and to direct that prior counsel turn over the client file to successor counsel, the order appealed from did not recall and vacate or otherwise undo its prior determination granting those branches of her prior motion which were to substitute counsel and direct that prior counsel turn over the client file to successor counsel. Moreover, there was no motion pending before the court, under CPLR 2221 or otherwise, that would have permitted the court to reconsider its prior determinations to grant substitution of counsel and direct prior counsel to turn over the client file.
The appellant's remaining contentions are without merit.
DILLON, J.P., IANNACCI, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court